## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE _____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

PROVIDED TO
JEFFERSON CI

JUN 27 2016

FOR MAILING
RECEIVED BY

ALBERT T. OWENS, JR. ,

Inmate # 193166 .
(Enter full name of Plaintiff)

vs.

CASE NO: 4:16CV399 RH+HRJ
(To be assigned by Clerk)

FLORIDA DEP'T. OF CORRECTIONS ,
CENTURION OF FLORIDA, LLC. ,
JULIE L. JONES, Secretary of FDOC ,
C. HODGSON, Warden ,
A. RALPH, Asst. Warden of Programs .
(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)
A. VARONA, M.D.
B. MCDERMID, Ph.D, ARNP
J. LUPO, Ph.D.
S. BECKFORD, MHP

"JANE" BAPTISE, MHP
H. HAMLIN, Colonel
"JOHN" AKINS, Captain
A. DAVIS, Captain
"JOHN" FED, Sergeant
"JOHN" TYSON, Sergeant
J. BROCH, Major
J. ELLIS, Sergeant
T. BUTLER, Sergeant
D. FRANCIS, Sergeant
"JOHN" CAMPBELL, Sergeant
H. WILSON, Sergeant
D. DAVIS, Officer

D. JONES, Officer
E. ALBERT, Officer
C. DALLAS, LPN
"JANE" CRUMLY, Officer
"JANE" MEGHIFF, Officer
"JANE" WILLIAMS, Officer
"JOHN" WADALUPA, Officer
"JOHN" SAMUEL, Officer
"JOHN" SHIVER, Sergeant
V. SMITH, Lieutenant

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Filed JUN29'16 UsDcFlnfPM0110

Rec'dJUN30'16UsDcFlnfPM0110

I.      **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:      Albert T. Owens, Jr.

Inmate Number      193166

Prison or Jail:      Jefferson Corr. Inst.

Mailing address:      1050 Big Joe Road

Monticello, Florida 32344

II.      **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for <u>**every**</u> Defendant:

(1)      Defendant's name:      FLA. DEP'T. OF CORR's. (FDOC)

Official position:      State Agency / an entity

Employed at:      Florida Dept. of Corr's.

Mailing address:      501 South Calhoun Street

Tallahassee, Fla. 32399

(2)      Defendant's name:      Centurion of Florida, LLC (Centurion, LLC)

Official position:      Health Care Provider

Employed at:      Florida Dept. of Corr's.

Mailing address:      501 South Calhoun Street

Tallahassee, Florida 32399

(3)      Defendant's name:      Julie L. Jones      (J. Jones)

Official position:      Secretary of the FDOC

Employed at:      Fla. Dept. of Corr.

Mailing address:      501 South Calhoun Street

Tallahassee, Florida 32399

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

II.   DEFENDANTS:

4.   C. Hodgson
     Warden in Jefferson C.I.
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344

5.   A. Ralph
     Asst. Warden of Programs
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344

6.   A. Varona
     Medical Doctor
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344

7.   B. McDermid
     Psychiatric Doctor
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344

8.   J. Lupo
     Psychiatric Doctor
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344.

9.   S. Beckford
     Mental Health Psychologist
     Jefferson C.I.

1050 Big Joe Road
Monticello, FL 32344

10. "Jane" Baptise
Mental Health Professional
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

11. H. Hamline
Colonel
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

12. "John" Akins
Captain
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

13. A. Davis
Captain
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

14. "John" Fed
Sergeant
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

15. "John" Tyson
Sergeant

Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

16.  J. Brock
     Mayor
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344

17.  J. Ellis
     Sergeant
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344

18.  T. Butler
     Sergeant
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344

19.  D. Francis
     Sergeant
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344

20   "John" Campbell
     Sergeant
     Jefferson C.I.
     1050 Big Joe Road
     Monticello, FL 32344

21.  K. Wilson

Seargeant
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

22. D. Davis
Correctional Officer
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

23. D. Jones
Correctional Officer
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

24. E. Albert
Correctional Officer
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

25. C. Dallas
LPN /Nurse
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

26. "Jane" Crumly
Correctional Officer
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

27. "Jane" McGriff
Correctional Officer
Jefferson C.I.
1050 Big Joe Road
Monticello, Florida 32344

28. "Jane" Williams
Correctional Officer
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

29. "John" Klndnloon
Correctional Officer
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

30. "John" Samuels
Correctional Officer
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

31. "John" Shiver
Sergeant
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

32. V. Smith
Lieutenant
Jefferson C.I.
1050 Big Joe Road
Monticello, FL 32344

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.  PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.  Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
    Yes( ✔ )          No( ✔ )

1.  Parties to previous action:
    (a)  Plaintiff(s): Albert T. Owens Jr.
    (b)  Defendant(s): Secretary, Fla. Dept of Correc, et al.,

2.  Name of judge: _____          Case #: _____

3.  County and judicial circuit: _____

4.  Approximate filing date: _____

5.  If not still pending, date of dismissal: _____

6.  Reason for dismissal: _____

7.  Facts and claims of case: _____
    _____

**(Attach additional pages as necessary to list state court cases.)**

B.  Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

    Yes( ✔ )          No(   )

1.  Parties to previous action:
    a.  Plaintiff(s): Albert T. Owens, Jr.
    b.  Defendant(s): Secretary, Florida Dept. of Corr.

2.  District and judicial division: U.S. Dist. Court Northern Dist. Fla. Pensacola

3.  Name of judge: Roger Vinson          Case #: 3:15 Cv 460 /AV/EMT

4.  Approximate filing date: October 20, 2015

5.  If not still pending, date of dismissal: _____

6.  Reason for dismissal: _____

3

7. Facts and claims of case: Prison prychintric staff failure to provide treatment is violation of the ADA and 8th Amendment.

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )                    No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a.   Plaintiff(s): Albert T. Owens
   b.   Defendant(s): Kenneth S. Tucker

2. District and judicial division: Southern District of Florida, Miami Division

3. Name of judge: K. Michael Moore          Case #: 13-cv-14061-KMM

4. Approximate filing date: February 6, 2013

5. If not still pending, date of dismissal: April 29, 2013

6. Reason for dismissal: Failure to state a claim

7. Facts and claims of case: ~~bacon~~ can't recall

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( ✓ )                    No( )

1. Parties to previous action:
   a.   Plaintiff(s): Albert T Owens
   b.   Defendant(s): Kenneth S, Tucker

2. District and judicial division: Southern Dist of Fla, Miami Division

3. Name of judge: K. Michael Moore          Case Docket # 13-cv-14061-KMM

4. Approximate filing date: Feb. 6, 2013          Dismissal date: April 29, 2013

5. Reason for dismissal: Failure to state a claim

4

IV. PREVIOUS LAWSUITS

C.

1. Albert T. Owens
   Florida Dept. of Corr.'s
2. Southern Dist of Florida Miami Division
3. Jose E. Martinez   #13-cv-14228-JEM
4. May 30, 2013
5. October 15, 2013
6. Failure to state a claim
7. can't recall


1. Albert T. Owens
   Florida Dept of Corr.'s
2. Southern Dist. of Florida Miami Division
3. Kathleen M. Williams   #14-cv-22325-KMW
4. June 23, 2014
5. Pending
6. Pending
7. Deliberate indifference to prison conditions /medical needs


1. Albert T. Owens
   Secretary Florida Dept of Corr.'s
2. Northern Dist. of Florida Pensacola Division
3. M. Casey Rodgers   #14cv658-MCR /CJK
4. December 8, 2004
6. Voluntarily dismissed without prejudice
5. January 14, 2015
7. RLUIPA violation.


1. Albert T. Owens
   R. Comentord
2. Northern Dist. of Florida Pensacola Division

3.  M. Casey Rodgers  # 15cv164-MCR/CJK
4.  April 9, 2015
5.  May 8, 2015
6.  Three strikes under §1915(g)
7.  can't recall.

1.  Albert T. Owens, Jr.,
    Secretary Florida Dept of Corr's
2.  Northern Dist. Court of Florida Pensacola Division
3.  M. Casey Rodgers  # 15cv272-MCR/EMT
4.  June 15, 2015
5.  September of 2015
6.  Three strikes under §1915(g)
7.  can't recall

1.  Albert T. Owens, Jr.
    Secretary Fla. Dept of Corr's
2.  Northern Dist. Court of Florida Pensacola Division
3.  Roger Vinson  # 15cv300-RV/EMT
4.  July 6, 2015
5   August 5, 2015
6.  Three strikes under §1915(g)
7.  can't recall.

1.  Albert T. Owens, Jr.
    R.K. Ray
2.  Volusia County
3.  Dennis Craig  # 2015-31009-CICI
4.  July 29, 2015
5.  August 10, 2015
6.  Failed to timely file IFP form
7.  can't recall.

1.   Albert T Owens
     P. Tucker
2.   Santa Rosa County Court
3.   John F. Simon, Jr. # 2015-520CA
4.   July 6, 2015
5.   October 23, 2015
6.   Failure to state a claim
7.   can't recall.


1.   Albert T. Owens
     R. Comerford
2.   Santa Rosa County Court
3.   John F. Simon, Jr. # 2015-562-CA
4.   July 7, 2015
5.   Pending
6.   Pending
7.   Eighth Amendment / ADA violations.


1.   Albert T. Owens
     T. North, et. al.,
2.   Middle Dist of Florida Jacksonville Division
3.   Timothy J. Corrigan # 15-cv-1228-J-32JAK
4.   October of 2015
5.   December 29, 2015
6.   Voluntarily dismissed without prejudice
7.   can't recall.


1.   Albert T. Owens
     Secretary, Florida Dept of Corr's
2.   Hamilton County Court
3.   Andrew J. Decker # 2015CA-527
4.   December 23, 2015

5. Pending
6. Pending
7. Eighth Amendment / ADA violation

1. Albert T. Owens
   STATE OF Florida
2. Southern District Court of Florida
3. can't recall   # 05-cv-21575-FAM
4. June 13, 2005
5. can't recall
6. Untimely filed
7. can't recall

1. Albert T. Owens
   Dept. of Corr.'s
2. Southern District Court of Florida
3. can't recall   # 06-cv-21736-AJ
4. July 10, 2006
5. can't recall
6. failure to exhaust
7. can't recall

1. Albert T. Owens
   McDonough
2. Southern District Court of Florida
3. can't recall   # 07-cv-20705
4. March 19, 2007
5. can't recall
6. ~~total~~ Untimely filed.
7. can't recall

1. Albert T. Owens

· Dept. of Corr's.

2. Southern District of Florida
3. James L. King #11-cv-23094-JLK
4. August 26, 2011
5. Can't recall
6. Untimely filed
7. Can't recall


1. Albert T. Owens
   Dept. of Corr's
2. Southern District of Florida
3. Can't recall  #11-cv-23335-KMM
4. September 14, 2011
5. Can't recall
6. Untimely filed / Lack of Jurisdiction
7. Can't recall


1. Albert T. Owens, Jr.
   Secretary, Florida Dept. of Corr.
2. Northern District of Florida
3. Roger Vinson  #15cv46D-RV/EMT
4. October 20, 2015
5. Pending
6. Pending
7. Plaintiff being denied mental health treatment / 8th Amendment violation


1. Albert T. Owens, Jr.
   Secretary, Fla. Dept. of Corr.
2. Middle District of Florida
3. Marcia M. Howard  #16-cv-225-J-34JBT
4. March 8, 2016
5. Pending
6. Pending

4.   Plaintiff not being provided his medication and being subjected to unsanitary prison conditions.

D.

1   Albert T. Owens
    Florida Dept. of Corr.
2   Southern Dist. of Florida
3   Jose E. Martinez #13-cv-14228-JEM
4   May 30, 2013   Oct. 15, 2013
5   Failure to state a claim
6   ~~know~~ can't recall

1.   Albert T. Owens
     Fla. Dept. of Corr.
2.   Eleventh Circuit Court of Appeal
3.   can't recall   #13-14918-B
4.   can't recall   March 25, 2014
5.   dismissed as frivolous
6.   can't recall

6. Facts and claims of case: <u>don't recall</u>

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (**If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

1. Owens is in imminent danger of serious physical injury because he is a prisoner who has an anger management deficient, suffering from a bipolar disorder, an anti-social personality disorder, depression, with a history of suicidal thoughts and behavior, and is suffering from epilepsy; which is a serious and disabling medical condition that commonly subjects those who suffer from the disability to seizure that causes them serious bodily jury.

2. In order to prevent or minimize the risk of epileptic seizures, Owens takes an anti-seizure medication called Depakote 500 mg twice daily. He is currently under Varona's orders to take Ibuprophen for his headaches that causes him to experience auras and then seizures.

3. Anxiety, stress, sleep deprivation, exposure to chemicals or toxic fumes are all triggers to Owens experiencing an epileptic seizure.

4. As part of Owens treatment regime he was provided a seizure precaution medical pass from Varona, precluding FDDC security staff exposing Owens to sharp objects and chemicals or toxic fumes.

5. Varona instructed Owens to get adequate sleep and refrain from becoming anxious and stressed out. However, Owens is not receiving sufficient psychiatric treatment from Beckford and McDermid for his chronic illnesses

6. Owens is also being retaliated against by Akins, A.Davis, D.Davis, Fed, Shiver, M.Wilson, Samuels, Baptise, Brock, D.Jones, Wadalupn, ~~and by placement~~ Lambell, Butler, ~~Alexander and Ethe~~ for requesting access to mental health services for treatment.

7. On April 9, 2016, Sgt. Jones and D.Frances stored Owens' medications in property

5

with the malicious and sadistic intent of causing Owens harm. He initiated informal grievance #103-1604-0092 against Sgt. Jones and D. Francis for violating his 8th Amendment rights, and their supervisor Captain Proctor **APPROVED** the grievance in Owens favor. (Ex. A)

8. On April 24, 2016, Owens declared a psychological emergency. He was seen by Beckford who simply had Owens sign a blank mental health treatment plan that she never discussed with Owens after she filled in the blanks.

9. That same day, Owens submitted Beckford a request asking to be accommodated with access to mental health services. In response, Beckford heedlessly instructed Owens to watch the call out, but never met with Owens. (Ex. B)

10. On May 3, 2016, Owens initiated informal grievance #103-1605-0052 against Beckford for not providing him with the required mental health treatment for his chronic mental illness. (Ex. C)

11. On May 5, 2016, Beckford denied grievance #103-1605-0052 heedlessly instructing Owens to watch the call out, and informed him that if he needed to be seen before regular scheduled appointment please request so. (Ex. C)

12. On May 6, 2016, Owens submitted request #1605-103-088 to Ralph requesting adequate mental health treatment for his documented mental disorders, and a sufficient mental health treatment plan for his mental health needs. (Ex. D)

13. On May 11, 2016, Owens initiated formal grievance #1605-103-117 appealing Beckford's denial of informal grievance #103-1605-0052, arguing that FDOC and Centurion of Florida is responsible for Beckford's actions that violated his rights under the 8th and 14th Amendments and Title II of the ADA. (Ex. C)

14. On May 13, 2016, Williams refused to provide Owens Ibuprofen for his migraine headaches that Varona had instructed him to take. As a result, Owens initiated informal grievance #103-1605-0254 against Williams for violating his 8th Amendment rights and the grievance was subsequently **APPROVED**. (Ex. E)

15. At approximately 4:30 pm the same, May 13, 2016, day Williams again refused to provide Owens the Ibuprofen to comply with Varona's orders. As a result, Owens initiated formal grievance 1605-103-161 raising Williams' actions as an ADA violation, and the grievance was subsequently **APPROVED**. (Ex. F)

16. On May 16, 2016, Ralph, Varona, and Lupo denied request #1605-103-088 and formal

6

grievance #1605-103-117 while acting under color of state law. Owens appealed both denials to J. Jones who, pursuant to DOC policy had 30 days to respond, but has failed to do so. (Ex. C and D)

17. On May 25, 2016, Owens fell into a stressful state of depression, after learning that his 28 year old sister, Albyrcia Owens is dying from terminal cancer. He declared a psychological emergency.

18. Owens met with Beckford for approximately two minutes, during which time he explained his reasoning for declaring a psychological emergency, stating that he had not seen his sister since she was 10 years old, and would follow her.

19. Beckford apathetically informed Owens that unless he wanted to kill himself or someone else there was nothing she could do for him. Beckford then ordered Owens to leave her office while acting under color of state law.

20. In disbelief at Beckford's rejection of his psychological emergency, Owens walked back to his dormitory thinking of hurting himself or someone else in order to receive psychiatric treatment.

21. Owens sat on his bunk for a moment, then declared a second psychological emergency, seeking help from FDOC and Centurion, LLC mental health services.

22. Fed instructed Samuels to escort Owens to mental health services, but instructed Samuels to inform Beckford that Owens was playing cards when they arrived to the dorm.

23. Samuels complied with Fed's order, even though he knew the order was unlawful, because Owens was not playing cards.

24. In contrast to what Samuels had falsely conveyed, Owens informed Beckford that he was having suicidal thoughts, and was in need of psychiatric counseling before he hurt himself.

25. Beckford knew, as Owens mental health counselor, that he has a history of suicidal behavior, and a diagnosis of depression.

26. Instead of evaluating Owens a second time, Beckford met privately in her office with Akins who, moments later informed Owens that he would not be receiving psychiatric care, but would be going to confinement.

27. Akins then placed Owens in isolation under investigative status without any penological justification, with the assistance of Fed, Samuels, J. Davis, K. Wilson, McGruff, Wadalupa, ⎯⎯ Cromly, and Campbell.

28. On account of Owens epilepsy it was previously established that security staff are precluded from housing him alone. (Ex. G)

29. The Accommodation is documented in FDOC's database; And Atkins, Fed, Samuels, D. Davis, K. Wilson, Wladalupa, and Crumly Knew of the accommodation, but still housed Owens alone. Campbell Knew also, as well as, Shiver and A. Davis.

30. Owens' isolation took place in a small cell #H-1-112 with a solid steele door. The room had no furnishing except a concrete bunk and steele toilet. Owens was stripped of his clothing excluding his boxers. He was not permitted any reading or writing material or any other means to occupy himself, nor was he permitted toilet paper.

31. Ellis and Albert confiscated /collected and impounded Owens' personal property, including his legal documents in connection with his isolation.

32. As Owens sat in isolation all he could think of was his dying sister, and could not understand why he was being punished for requesting help.

33. At approximately 11:00 pm, Owens declared a third psychological emergency, which was initially ignored by Shiver and A. Davis, who then decided to isolate Owens in cell #H-1-111 under even worse conditions.

34. Shiver and A. Davis Knew the toilet facility in cell #H-1-111 was inoperable, and would expose Owens to the stench of floating days old feces and urine, which was also on the cell floor.

35. By maliciously and sadisticly housing Owens in cell #H-1-111, with Knowledge of the unsanitary and hazardous condition therein. Shiver and A. Davis intended to put Owens at risk of re-contracting Methicillin Resistant Staphylococcus Aureus (MRSA), a life - threatning infection, while acting under color of state law.

36. Earlier that day, May 25, 2016, Campbell had cell #H-1-108 painted. The paint had not fully dried, and was giving off toxic fumes that filled the entire cell.

37. Shiver and A. Davis Knew Owens was precluded from being exposed to toxic fumes on account of his epilepsy, and Knew cell #H-1-108 was polluted with toxic fumes that would cause Owens harm.

38. At approximately 6:00 am on May 26, 2016; however, Shiver and A. Davis maliciously and sadisticly for the very purpose of causing Owens harm, isolated Owens in cell #H-1-108, in which he discovered a sharp piece of metal.

39. Upon information and belief, Shiver and A. Davis planted the metal for Owens to five, with Knowledge of his history of suicidal behavior.

40. As a result, of breathing in the toxic paint fumes, Owens became intoxicated and experienced difficulty breathing.

41. Owens informed Wilson of the preclusions of his seizure precaution

medical pass, in request to be removed from the toxic paint fumes.

42. Instead of removing Owens from danger, Wilson stood in front of cell #H-1-108 yelling on audio/video recording, "Owens you are not coming out of that cell," while acting under color of state law.

43. Owens repeatedly and continuously asked Wadalupa, D.Jones, D.Davis K.Wilson and Campbell to remove him from the toxic cell, but they denied Owens' request. while acting under color of state law.

44. Owens also advised Akins, Brock and Baptise of the effects the paint fumes were having on him, in request to be removed from the cell. Brock apathaticly advised Owens to write a request, while the others did nothing to protect Owens from harm.

45. Owens informed K.Wilson, D.Jones, Wadalupa, D.Davis, Campbell and Baptise that the paint fumes were causing him to have absence seizures, but none of them sought to remove Owens' from cell #H-1-108.

46. The paint fumes had an adverse effect on Owens mental stability. He was hearing voices telling him that "the officers were going to kill him". Owens suffered panic attacks, with palpitations, shortness of breath, and a feeling that he was going to die. He was becoming suicidal.

47. Owens declared multiple psychological emergencies, throughout the day, once to Baptise, but her and K.Wilson, D.Jones, D.Davis, Wadalupa and Campbell did nothing.

48. Upon information and belief, Beckford and Akins told K.Wilson, D. Davis, D.Jones, Wadalupa, and Campbell not to permit Owens access to mental health services.

49. As a result of all the facts averred in paragraphs 17-48, Owens had not selpt in over 24 hours, was severely stress, anxious, and suffering from sleep deprivation. He was in danger of experiencing a toni-clonic (grand mal) seizure.

50. No longer able to cope with everything stemming from his rightful request for psychiatric treatment, Owens attempted suicide by ingesting the sharp piece of metal (i.e. razor blade) that he used to slice open his left arm.

51. Upon seeing that he was not going to die, Owens informed K.Wilson, D.Davis, Wadalupa, D.Jones and Campbell of his failed suicide attempt, showed them his left arm, in request for medical attention, but his request was denied.

52. Owens then flooded his cell with water from the toilet twice, continued

to declare psychological emergencies in an attempt to escape the toxic fumes that were causing him harm, and acquire psychological/medical care.

53. D. Davis, Wadalupa, K. Wilson, D. Jones, and Campbell saw Owens flooding his cell, saw that Owens was injured, and heard Owens' repeated request for psychological emergency.

54. Instead of accommodating Owens with access to the prison's medical/mental health services for his obvious injury. D. Davis initiated disciplinary report #103-160821 against Owens for disorderly conduct, while Campbell, Wadalupa, K. Wilson and D. Jones walked around doing nothing.

55. Shiver, A. Davis, D. Davis, D. Jones, Wadalupa, K. Wilson, Campbell, Atkins, Brock, and Baptise allowed Owens to remain cell# H-1-108 untreated, knowing that he was inhaling toxic fumes for hours.

56. At approximately 5:30 pm during medication rounds, Owens showed the pill nurse his left arm, informed her of the abuse he endured as a result of declaring a psychological emergency, his failed suicide attempt, and asked for psychological/medical treatment.

57. Medical staff examined Owens and documented in his medical file. That he was intoxicated from paint fumes, had self mutilated his left arm sustaining superficial lacerations, ingested a razor blade and, thus, was suicidal.

58. Medical staff placed Owens in "SHOS" under suicide watch, and x-rays of his stomach were taken.

59. On May 31, 2016, Baptise and McDermid refused to provide Owens the psychiatric treatment he request and need. Baptise and McDermid discharged Owens from the SHCS cell without advise, a mental treatment plans, or anything. Nothing!!

60. That same day, Owens was housed in cell# H-2-105, from where he initiated formal grievances# 1606-103-006, 1606-103-007, and informal grievance# 103-1606-0023 addressing the facts raised in paragraphs 17-59.

61. Informal grievance# 103-1606-0023 was APPROVED by A. Davis on June 4, 2016. And formal grievances# 1606-103-006 and 1606-103-007 were APPROVED-FOR INVESTIGATION ONM by H. Hamlin, Colonel and C. Hodgson, Warden on June 9, 2016. (Ex. H)

62. Owens is currently being held in confinement not receiving any psychological treatment for his chronic mental illness. At no time has Beckford, Baptise or

McDermid been to evaluate on counsel with Owens.

63. Windalupa, D.Jones, D.Davis, D.Francis, T. Butler, Campbell, Tyson, K. Wilson, Akins, and Shiver is continuously denying Owens access to mental health services and refusing to provide him the Ibuprofen Varona has instructed him to take.

64. Hodgson and Hamlin know their subordinates are denying Owens access to mental health services, but is doing nothing to remedy the matter.

65. Owens has also informed Smith and Dallas of his psychological emergency, and they too have denied his access to mental health services.

66. Upon information and belief, the defendants, similar to the defendants named in case No. 3:15cv466-RV/EMT, have conspired to deny Owens the mental health care required for his chronic illness, and medications to prevent his seizures.

67. DOC policy mandates Owens receipt of psychiatric treatment for his well documented mental/emotional disorders, and proper medical treatment.

68. Owens was and continues to be in imminent danger of serious physical injury because he is not receiving psychiatric treatment for his mental disorders, was and is being denied access to mental health services by the defendants, who are acting under the color of state law.

69. Owens was and is being subjected to isolation, retaliation, and unsanitary, hazardous condition for requesting access to mental health services as a result of the defendant's unlawful acts/omissions.

70. Owens is prone to experience epileptic seizures due to the stressful environment the defendants are creating by denying Owens access to mental health services, and their refusal to provide him the Ibuprofen he has been instructed to take.

71. At this time, Owens is having suicidal thoughts, is prone to attempt suicide to escape the totality of the circumstances if not properly treated, and he is not being treated at all.

72. Owens is in imminent danger of serious physical injury. (Ex. I) Despite this knowledge, Beckford is failing to intervene and provide any assistance to Owens, is failing to refer Owens to a psychiatrist (or other appropriate mental health professional), is failing to ensure Owens is provided with any medication, is failing to regularly monitor Owens' mental health needs, and, for all practical purposes is simply abandoning Owens as a patient, while acting under color of state law.

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

1. The defendants' did unlawfully agree, conspire, combine, or confederated with each other to infringe on Owens' rights under Title II of the ADA, 42 U.S.C. § 12131 et seq, and section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 794, with the intent to expose Owens to an unreasonable risk of serious injury, in violation of Owens' rights under the 8th and 14th Amendments and contrary to the Racketeer Influenced and Corrupt Organizations Act (RICO) and continue to expose Owens to imminent danger of serious physical injury.      (See Additional Claims Attached)

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

Please See Relief Requested Attached

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

6/27/16
(Date)

(Signature of Plaintiff)

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the **27** day of **June**, 20 **16**.

(Signature of Plaintiff)

Revised 03/07

7

## VI.   STATEMENT OF CLAIMS :

2.   The defendants have and is unlawfully agreeing, conspiring, combining or confederating amongs themselves to violate Owens' civil rights under Title 42 U.S.C. §1983, and has and is exposing Owens to imminent danger of serious physical injury, pain, suffering, mental anguish, and emotional distress, in violation of Owens' rights under the 8th and 14th Amendments, and contrary to the Racketeer Influenced and Corrupt Organizations Act (RICO)

3.   The defendants have and is unlawfully agreeing, conspiring, combining or confederating amongs themselves to retaliate against Owens for lawfully requesting access to the prison's services, programs, or activities for his disability-related needs, and has and is exposing Owens to imminent danger of serious physical injury, pain, suffering, mental anguish, emotional distress, in violation of Owens' rights under Title V of the ADA and the 8th and 14th Amendments, and contrary to the Racketeer Influenced and Corrupt Organizations Act (RICO)

4.   The defendants continuous unlawful agreement, conspiracy, combining or confederating amongs themselves to infarge on Owens' rights under Title II of the ADA, 42 U.S.C. §12131 et seq., and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, has and continues to expose Owens to imminent danger of serious physical injury, pain, suffering, mental anguish, and emotional distress, in violation of Owens rights under the 8th and 14th Amendments, and contrary to the Racketeer Influenced and Corrupt Organizations Act (RICO)

5.   The defendants' deliberate indifference to Owens' serious medical needs associated with a chronic illness has and is exposing Owens to imminent danger of serious physical injury, pain, suffering, mental anguish, emotional distress, is violating Owens' rights, and constitutes cruel and unusual punishment under the 8th Amendment.

6.   Lupo, McDermid, Beckford, and Baptise's deliberate failure to treat Owens' chronic mental illness has and is exposing Owens to imminent danger of serious physical injury, pain, suffering, mental anguish, and emotional distress, is violating Owens' rights, and constitutes cruel and unusual punishment under the 8th Amendment.

7.   Atkins, Fed, Samuel, D. Davis, K. Wilson, Wandalupa, Crumly, A. Davis, Shiver and Campbell's deliberate refusal to honor Owens no housing alone accommodation associated with a chronic illness, has and is exposing Owens' to imminent danger of serious physical injury, is violating Owens rights, and constitutes cruel and unusual punishment and a denial of of equal protection under the 8th and 14th Amendments.

8.   The defendants' deliberate indifference to Owens' health and safety has and is exposing Owens to imminent danger of serious physical injury, pain, suffering, mental anguish and emotional distress, is violating Owens' rights, and constitutes cruel and unusual punishment under the 8th Amendment.

9.   Atkins, Shiver, K. Wilson, D. Jones, D. Davis, A. Davis, Wandalupa, Baptise and Campbell's deliberate refusal to honor Owens' medical pass has and is exposing Owens to imminent danger of serious physical injury, pain, suffering, mental anguish, and emotional distress, is violating Owens' rights and constitutes cruel and unusual punishment under the 8th Amendment.

10.   By Atkins, Shiver, K. Wilson, D. Jones, D. Davis, A. Davis, Wandalupa, Baptise and Campbell's deliberate refusal to honor Owens' medical pass, the FDOC and Centurion, LLC excluded Owens from participating in and denied Owens the benefits of the prison's medical services, programs, or activites, and or hns, and is exposing Owens to imminent danger of serious physical injury, pain, suffering, mental anguish, and emotional distress, in violation of Owens' rights under Title II of the ADA and the 8th and 14th Amendments.

11.    By Atkins, Fed, Samuel, D.Davis, K.Wilson, Wadalupa, Crumly, A.Davis, Shiver, And Campbell's deliberate refusal to honor Owens' no housing alone accommodation associated with a chronic illness/condition, the FDOC is excluding Owens' participation in them And denying Owens the benefits of the prison's medical services, programs, and activities, and is exposing Owens' to imminent danger to serious physical injury, pain and suffering, in violation of Owens' rights under Title II of the ADA and the 8th and 14th Amendments.

12.    By Atkins, Fed, Samuel, Hodgson, Ralph, Varona, McDermid, Lupo, Beckford, Baptise, Hamlin, A.Davis, Tyson, Brock, Butler, Francis, D.Davis, Campbell, K.Wilson, D.Jones, L.Dallas, Crumly, McDuff, Williams, Wadalupa, Shiver, and Smith's deliberate refusal to accommodate Owens with access to medical services, mental Health services or medication for his disability-related needs, the FDOC and Centurion, LLC discriminated against Owens on account of his disabilities, and has and is exposing Owens to imminent danger of serious physical injury, pain, suffering, mental anguish, and emotional distress, in violation of Owens' rights under Title II of the ADA, and the 8th and 14th Amendments.

VII.   RELIEF REQUESTED:

1.    Compensatory damages in the amount of $2.5 million against FDOC and Centurion, LLC, jointly and severally for their violations of Owens rights under Title II of the ADA, the Rehabilitation Act, and the 14th Amendments.

2.    Compensatory damages in the amount of $150,000.00 against each defendant, jointly and severally for Owens' physical injury, pains, suffering, mental anguish and emotional distress.

3.    Punitive damages in the amount of $500,000.00 against each defendant, excluding FDOC and Centurion, LLC, jointly and severally for their violations and infringements of Owens' rights.

4.    A jury trial on all issues triable by jury.

5.    Plaintiff's cost in the suit.

6.    Any additional relief this court deems just, proper and equitable.



# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

1B3-1604- 0092

Mail Number: _____
Team Number: _____
Institution: Jefferson C.I.

**TO:** (Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☑ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Owens Albert | 193166 | H-1101-L | — | 4/7/16 |

## REQUEST

Check here if this is an informal grievance ☑

In violation of Owens' rights under the 1st, 8th and 14th Amendments, on 4/4/16 Sgt. Jones and Officer D. Francis deliberately and with malicious intent and outright disregard for Owens' property rights, and serious medical needs, stored Owens eyeglasses, medications, law books, and legal documents and in doing so, violated Rule 33-208.002 (19), F.A.C. by inaccurrently documenting that on a DC6-220 form that Owens Keep all of his legal documents and violated DOC policy by not documenting on a DC6-220 form that they impounded Owens' medical medications and eyeglasses. By this grievance, Owens seeks remedial or corrective action so as to cease the interference with his medical treatment and court ordered deadlines and instructions.

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____   DC#: 193166

**DO NOT WRITE BELOW THIS LINE**

**RECEIVED**
APR 08 2016
ASSISTANT WARDEN

## RESPONSE

DATE RECEIVED:

Your grievance has been received, reviewed and evaluated. Based on the above statements your grievance is approved.

This issue will be addressed.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is **Approved**. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): J. Procter Ldr | Official (Signature): | Date: 4/16/16 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

EXHIBIT

B

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: Jefferson C.J.

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☑ Mental Health | ☐ Dental ☐ Other ____ |
|---|---|---|---|---|

| FROM: | Inmate Name Owens, Albert T. | DC Number 193166 | Quarters G-1-105-5 | Job Assignment Houseman | Date 4/27/16 |
|---|---|---|---|---|---|

**REQUEST**                    Check here if this is an informal grievance ☑

Owens is currently being monitored for his mental health status. However, he is not receiving sufficient medical attention for his mental condition to ensure he is not in danger. In fact, Owens' current mental health treatment is having an adverse effect on his mental stability and, thus, exposing him to imminent danger of serious physical injury.

By this REQUEST, Owens is asking for sufficient and adequate access to mental health treatment pursuant to his rights under Title II of the Americans with Disabilities Act (ADA) 42 U.S.C. §12131 et seq. and the Rehabilitation Act of 1973, 29 U.S.C. §794, because the treatment he is receiving now amounts to no treatment at all, and violates the 8th Amendment. Denial of this request will constitute infringement on Owens' ADA rights. THANK YOU IN ADVANCE!!!

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____        DC#: 193166

**DO NOT WRITE BELOW THIS LINE** — MH 05/03/16

**RESPONSE**                                    **DATE RECEIVED:** _____

Please continue to watch for callout for upcoming appointment.

S. Beckford

S. Beckford MHP
Jefferson CI

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): S. Beckford    Official (Signature): S. Buh    Date: 5/5/16

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

EXHIBIT

C

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

*103-1605-0052*

*1605-103-1117*

Mail Number: _____
Team Number: _____
Institution: Jefferson C.I.

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☒ Mental Health | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Owens, Albert | 193166 | 4-1-105-5 | Houseman | 5/3/16 |

**REQUEST**                                    Check here if this is an informal grievance ☒

Contrary to Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §12131 et seq., the Rehabilitation Act of 1973; 29 U.S.C. §794 and DOC's policy Ch. 33-404.108, F.A.C. Mental health counselor Beckford is not providing Owens the mental health treatment required for his mental condition. Beckford has not established a mental health treatment plan for Owens as mandated by DOC policy Ch. 33-404.108, F.A.C. As a result, Owens' rights are being infringed on by Beckford who actually is exposing Owens to imminent danger of serious physical injury. This matter needs to be resolved immediately for Owens' health and safety, because if a treatment plan exist it has not been administered to Owens.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: 193166 | **RECEIVED** |
|---|---|---|

**DO NOT WRITE BELOW THIS LINE**

**MAY 04 2016**
ASSISTANT WARDEN

**RESPONSE**                    DATE RECEIVED: _____

Please continue to watch for callout daily for appointment. You have a treatment plan and you signed S. Beckford the treatment plan. If you need to be seen before regular S. Beckford MHP
Jefferson CI
Schedule appointment please request so.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): S. Beckford | Official (Signature): | **RECEIVED** |
|---|---|---|

MAILED          **MAY 11 2016**
ASSISTANT WARDEN

Date: 5/5/16

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file.
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**INMATE REQUEST**

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**

1605-103-117

Mail Number: _____
Team Number: _____
Institution: Jefferson C.3.

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☑ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name Owens, Albert T. | DC Number 193166 | Quarters G-1-105-S | Job Assignment Houseman | Date 4/27/16 |
|---|---|---|---|---|---|

**REQUEST**

Check here if this is an informal grievance ☑

Owens is currently being monitored for his mental health status. However, he is not receiving sufficient medical attention for his mental condition to ensure he is not in danger. In fact, Owens' current mental health treatment is having an adverse effect on his mental stability and, thus, exposing him to imminent danger of serious physical injury.

By this REQUEST, Owens is asking for sufficient and adequate access to mental health treatment pursuant to his rights under Title II of the Americans with Disabilities Act (ADA) 42 U.S.C. §12131 et seq, and the Rehabilitation Act of 1973, 29 U.S.C. §794, because the treatment he is receiving now amounts to no treatment at all, and violates the 8th Amendment. Denial of this request will constitute infringement on Owens' rights. THANK YOU IN ADVANCE !!!

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____     DC#: 193166

MH 05/03/16

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**     **DATE RECEIVED:** _____

Please continue to watch for callout for upcoming appointment.

S. Beckford

S. Beckford MHP
Jefferson CI

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): S. Beckford     Official (Signature): S. Bun     MAILED 5/5/16

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file 2016
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ **Third Party Grievance Alleging Sexual Abuse** 1605-103-117

TO: ☐ Warden  ☑ Assistant Warden  ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse, on the behalf of:**

| Owens Albert T. | 193166 | Jefferson C.J. |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

Grievance Appeal

Psychiatric Counselor S. Beckford's response to informal grievance #103-1605-0052 is baseless. On 4/24/16, she had Owens sign a blank treatment plan during his request for a psychological emergency. Beckford has never went over the blank treatment with Owens. The denial of a prisoner's necessary medications can constitute ~~was~~ an imminent danger. Brown v. Johnson, 387 F.3d 1344, 1346 (11th Cir. 2004). This can include the denial of mental health treatment. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). In sum, there is a consensus among the courts that have addressed the issue that allegations describing a continued failure to treat appropriately a chronic illness may constitute imminent danger of serious physical injury." Vandiver v. Prison Health Serv., Inc. 727 F.3d 580, 586-87 (6th Cir 2013) That said, it has not escaped notice that Beckford's response to Owens' grievance that he has attached regarding his treatment indicates that Owens is being monitored for his mental health status. This may or may not be sufficient medical attention to Owens' condition to ensure he is not in danger. Since Owens has made a specific request pursuant to the "ADA" to be accommodated with appropriate psychiatric treatment, has also grieved the matter, to deny his request as Beckford has denied his grievance will constitute a violation of the Americans with Disabilities Act (ADA). At this junction, FDOC and Centurion of Florida is liable for the actions/omissions of Beckford under the "ADA", but Beckford is responsible for her own infringement of Owens rights under the "ADA" and the 8th and 14th Amendments. The matter needs to be resolved immediately in Owens favor. Judicial intent ~~noted~~ noted. A response is due in 20 days NO Extension.

| 5/11/16 | | 193166 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSION:

MAILED
MAY 17 2016

#_____   Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____   Institutional Mailing Log #:_____
(Date)

RECEIVED
MAY 18 2016
ASSISTANT WARDEN

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)     Incorporated by Reference in Rule 33-103.006, F.A.C.

**PART B - RESPONSE**

| OWENS, ALBERT | 193166 | 1606-103-117 | JEFFERSON C.I. | G1105S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance has been received and evaluated and your record has been reviewed.  You are grieving Mental Health Treatment.

Upon reviewing your chart and grievance, you have received mental health services appropriate to your individual needs; your treatment plan was established as per policy

Based on the above your grievance is DENIED.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form and providing attachments as required by 33-103.007(3) (a) and (b). and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

NOTE:  Grievance Appeals to the Office of the Secretary (Bureau of Inmate Grievance Appeals) must be received within 15 calendar days from the date of the response to the formal grievance.

A. VARONA, M.D
SITE MEDICAL DOCTOR
Centurion, LLC
/JEFFERSON C I.

J. LUPO, PH.D.                                          A RALPH.  A.W.P.
PSYCHOLOGICAL SERVICES DIRECTOR
Centurion, LLC
/JEFFERSON C.I

| _____ | _____ | S-16-16 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

MAILED
MAY 17 2016
ASSISTANT WARDEN

EXHIBIT

D

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☑ **Third Party Grievance Alleging Sexual Abuse**        1605-103-088

TO: ☐ Warden    ☑ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Owens | Albert | T. | 193166 | Jefferson C.J. |
|---|---|---|---|---|
| Last | First | Middle Initial | DC Number | Institution |

---

Mental Health Issue        Part A – Inmate Grievance

Pursuant to Title II of the Americans with Disabilities Act (ADA),
42 U.S.C. §12131 et seq. and section 504 of the Rehabilitation Act of
1973, 29 U.S.C. §794, Owens is requesting Adequant services
from the mental health department in relations to his well
documented mental disorders.

In conjunction with this request, Owens is Also requesting A
sufficient treatment plan from competent counselors and doctors
who can properly and sufficiently treat and meet his mental health
needs.

---

| 5/6/16 | | 193166 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**    ☒ 1 _____
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____    Institutional Mailing Log #: _____

MAILED
DISTRIBUTION:        INSTITUTION/FACILITY
MAY 17 20__        INMATE (2 copies)
INMATE'S FILE
ASSISTANT WARDEN        INSTITUTIONAL GRIEVANCE FILE

CENTRAL OFFICE
INMATE
INMATE'S FILE - INSTITUTION/FACILITY
CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

RECEIVED
(Received By)
MAY 09 2016
ASSISTANT WARDEN

DC1-303 (Effective ___)        Incorporated by Reference in Rule 33-103.006, F.A.C.

**PART B - RESPONSE**

| OWENS, ALBERT | 193168 | 1605-193-088 | JEFFERSON C.I. | G1185B |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance has been received and evaluated and your record has been reviewed. You are grieving Mental Health Treatment

Upon reviewing your chart and grievance, you have received mental health services appropriate to your individual needs

Based on the above your grievance is DENIED.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form and providing attachments as required by 33-103.007(3) (a) and (b), and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

NOTE: Grievance Appeals to the Office of the Secretary (Bureau of Inmate Grievance Appeals) must be received within 15 calendar days from the date of the response to the formal grievance

A. VARONA, M.D
SITE MEDICAL DOCTOR
Centurion, LLC
/JEFFERSON C I.

J. LUPO, PH.D.
PSYCHOLOGICAL SERVICES DIRECTOR
Centurion, LLC
/JEFFERSON C I

A. RALPH,  A.W.P.

---

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|
| | | 5-16-16 |

**MAILED**

MAY 1 7 2016

ASSISTANT WARDEN

EXHIBIT

E

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: 103-1605-0254
Team Number: _____
Institution: Jefferson C.S.

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
| | Owens, Albert | 193166 | G-1-105-S | Houseman | 5/13/16 |

**REQUEST**  Check here if this is an informal grievance ☑

On 5/13/16, at approximately 12:50 pm. Officer Williams refused to provide Owens Ibuprofen for his migraine headache. Her reasoning for declining Owens the requested medication was because she believed Owens was only trying to aggravate her. At the time Officer Williams was refusing to exercise her duty to provide Owens the requested medication contrary to Ch.33-208.002(8) and (10) F.A.C. Owens was in severe pain. A review of the medication log for 5/13/16 will show that a TEA Officer — not Officer Williams- administered Owens the requested medication. Officer Williams' deliberate indifference to Owens health and safety violated his rights under the 8th Amendment and shows an outright disregard for DOC's policy, because she had a ministerial duty to provide Owens the requested Ibuprofen.

All requests will be handled in one of the following ways:  1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: 193166 |

RECEIVED
MAY 16 2016
ASSISTANT WARDEN

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                          DATE RECEIVED: _____

Your grievance has be received reviewed ad evaluated.
Based on the above statement your grievance is approved.

This issue was addressed.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Approved_. (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): J Proctor Cole | Official (Signature): | Date: 5-18-16 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

EXHIBIT
F

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse          1605-103-161

TO: ☑ Warden          ☐ Assistant Warden          ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Owens Albert T. | 193166 | Jefferson C.I. |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

Grievance raising an ADA violation

Owens is an inmate with epilepsy, which is a serious and disabling medical condition that commonly subjects those who suffer from that disability to seizure that could cause him serious bodily injury. In order to prevent or minimize the risk of epileptic seizures, He takes an anti-seizure medications called Depakote. Owens is currently under Doctor Vanora's orders to take Ibuprofen for his headaches that cause him to experience auras and then seizures. Because Owens is incarcerated he is dependant on correctional staff to provide him with Ibuprofen when in the dormitory. However, on 5/13/16 at approximately 4:30 p.m. Officer Killiam refused to provided Owens with Ibuprofen and to comply with the Doctor's orders and thus, denied him access to the prison medical service in violation of the ADA and Ch. 33-210.201(1) F.A.C.

---

5/13/16
DATE

193166
SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:          1

\#          Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____
          (Date)

Institutional Mailing Log #: _____

RECEIVED
MAY 1 6 2016
ASSISTANT WARDEN
(Received By)

MAILED
MAY 2 6 2016
ASSISTANT WARDEN

DISTRIBUTION:          INSTITUTION/FACILITY          CENTRAL OFFICE
          INMATE (2 Copies)          INMATE
          INMATE'S FILE          INMATE'S FILE - INSTITUTION/FACILITY
          INSTITUTIONAL GRIEVANCE FILE          CENTRAL OFFICE INMATE FILE
          CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

## PART B - RESPONSE

| OWENS, ALBERT | 193166 | 1605-103-161 | JEFFERSON C.I. | G1105S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance has been received and evaluated. Upon further review into your complaint of ADA violation the following has been determined. Officer Williams has been counseled with on the care, custody and control of all inmates under her supervision and to provide the essentials for all inmates.

Based on the above information your grievance is APPROVED.

H. HAMLIN, COLONEL

C. HODGSON, WARDEN

_____    _____    5/25/16
SIGNATURE AND TYPED OR PRINTED NAME OF        SIGNATURE OF WARDEN, ASST.        DATE
EMPLOYEE RESPONDING                          WARDEN, OR SECRETARY'S
                                             REPRESENTATIVE



MAILED
MAY 26 2016
ASSISTANT WARDEN

EXHIBIT
G

INMATE REQUEST

Wander

| TO: | ☑ Warden | ☑ Classification | ☐ Medical | ☐ Dental | Team Number: |
| (Check One) | ☐ Asst. Warden | ☑ Security | ☐ Mental Health | ☐ Other | Institution: H.C. Annex A |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
| | Owens, Albert | 193166 | F-3108-L | Inside Grounds | 9/10/15 |

## REQUEST
Check here if this is an informal grievance ☑

Prior to Owens' arrival here at Hamilton Annex it was determined that on account of Owens epilepsy he shall not be housed alone. Such determinations was documented in Owens' medical files on 12/13/13 and 12/24/13. This accommodation was approved by the representative of the Secretary, Florida Department of Corrections as averred (in Owens') D.O.C. medical files. The Secretary, of F.D.O.C. has alowed Chief of Security Major Allen, The CHO, and the Assistant Warden of Programs to house Owens alone because the Secretary's employees knew Owens was not supposed to be housed alone, since Nursing Barry, LPN, as Owens was the examiner, informed them of Owens' medical disability (i.e. epilepsy) and accommodations. Based on the foregoing, the Secretary, F.D.O.C. has violated Owens rights under the "ADA" and the 14th Amendment

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: |

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE
DATE RECEIVED: 9/14/15

Informal grievance answered on grievance # 215 1509 0187. It was approved.

The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or (Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): | Official (Signature): | Date: 9/18/15 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

EXHIBIT "C"

Ms. Maitland.                              Institution: H.C. Annex FX

| TO: (Check One) | ☐ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
|---|---|---|---|---|
| | ☑ Asst. Warden | ☑ Security | ☐ Mental Health | ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Owens, Albert | 193166 | F-3108-C | E/6 | 9/13/15 |

## REQUEST

Check here if this is an informal grievance ☑

The Florida Department of Corrections policy of cell compatibility is denying Owens the benefit of his "No Housing Alone" or "Single Cell" accommodation that was documented in Owens medical file on 12-13-13 and 12-24-13 by medical staff. The CDC will reveal under grievance #1401-564-824 and 1404-119-266 that Owens cannot be housed alone due to his epileptic condition. However, Owens has been housed alone since 9-4-15 and today is 9-13-15. F-Dormitory Sergeant and officers on duty from 9-11-15 through 9-13-15 have sought to find Owens a cell mate, but the policy DOC has in place has made it impossible to house another inmate in Owens' cell to accommodate his disability. Thus, FDOC's policy of deliberate indifference to Owens disability related medical needs is exposing Owens to imminent danger of serious physical injury, violating Owens' rights and constitutes discrimination & exclusion under the ADA & the 14 Amend.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: 193166 |
|---|---|

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE
DATE RECEIVED: 9/15/15

A housing compat Compatibility Run Was completed using your DC #. It provided a list of inmates who could be housed with you. As soon as you are released back to open population you will be housed with a roommate.

The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): E. Rowe CO | Official (Signature): | Date: 9/18/15 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# INMATE REQUEST

DEPARTMENT OF CORRECTION

Mail Number: _____

215-1510-0044

Team Number: _____

Institution: Hamilton Annex

AX

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☒ Classification  ☒ Security | ☐ Medical  ☐ Mental Health | ☐ Dental  ☐ Other ___ |
|---|---|---|---|---|

| FROM: | Inmate Name Owens, Albert | DC Number 193166 | Quarters H-1106-L | Job Assignment | Date 10/4/15 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☒

Owens has epilepsy. On account of his epilepsy Owens has been accommodated with a "No Housing Alone" status by medical staff. A thorough review of Owens' medical file will verify that the accommodation has been approved since 2007, and Owens' accommodation is documented in the "CDC". However, contrary to Owens' accommodation he is currently housed alone in cell H-1106, and has been for sometime. Owens' housing status has been brought to the attention of Asst. Warden Mallard; Doctor Colombani; Captain North; Sergeant Smith and Sergeant Joseph. These individuals have done nothing to correct the dangerous situation Owens is currently in. A review of grievance #13-6-31072; #13-6-31476; #1401-564-024; #1404-119-266; and #1509-215-092 in the "CDC" will review revel that Florida Dept. of Corr's employees have repeatedly housed Owens alone contrary to his accommodations and were found to be in error. Thus, Owens is and continues to be in imminent danger of serious physical harm, because DOC employees are being deliberately indifferent to Owens serious medical needs contrary to federal law.

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _____  DC#: 193166

---

### DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED: 10/6/15

A review of your medical file was conducted and found you should be housed with another inmate. As of 10/14/15 you were provided a roommate. A special note C/S [?] will be made by the movement officer so this situation does not take place again.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name) E.N. Rowe | Official (Signature) | Date: 10/14/15 |
|---|---|---|

Original: Inmate (plus one copy)

CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

# FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

| Allergies: | NKDA |
|---|---|

| DATE/TIME | |
|---|---|
| 10/17/13 0930 | OTRC |
| | S̄ c/o sore throat X 1½ week. Denies fever or S.O.B. |
| | O̅ A+O X 3, NAD |
| | HEENT: Eyes clean. throat erythematous c̄ exudate. |
| | lungs: CTA s̄ adventitious sounds |
| | A̅ URI |
| | P̅ Augmentin 875/125 mg BID X 10 days |
| | P.O. Fluids encouraged. |
| | RTC PRN          see flowsheet |
| | M. Louissaint A.R.N.P. Everglades C.I. |

| 11-1-13 1515 | IM seen at Sick Call for: |
|---|---|
| | Rx Renewal: |
| | Pass(es) Renewal: |
| | See Inc. Note on  DC Form____ |
| | Chart was referred to Provider for approval |
| | Signature/Stamp: |
| | N. Valmaña - R. N. R.C.N. |

SCRC: request for assistance in living quarters while I/M is asleep, working —

NO HOUSING ALONE, WORKING ALONE
AROUND WATER, DRIVING MACHINERY
RAZOR WIRE, COOKING, SHARP OBJECTS
HEIGHTS, LADDERS.

Hx: Sz/m

| Inmate Name | Owens Albert |
|---|---|
| DC# | 193166 |
| Date of Birth | |
| Institution | Everglades C.I. |

Race/Sex B/M

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

FLORIDA DEPARTMENT OF CORRECTIONS
## HEALTH SERVICES PROFILE

Complete Only Applicable Sections

SECTION I

| M | S | W | T | WC | Impairment (If applicable) | | | | (Activate in GH08) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ Yes | P | H | E | S | SINGLE DOSE (SD) |
| | | | | ☐ No | | | | | |

Assignment Restrictions: *No single cell*

Check here if this is an initial grade. ☐

Check here if this is a change in grade. ☐

Is this inmate suitable for work release? ☑ YES ☐ NO

Is this inmate permanent party? ☑ YES ☐ NO

Health care provider's signature/stamp: _*NBa*_ Date: *12/24/13*

BLANKENSHIP, ARNP
DESOTO ANNEX

SECTION II (Use this section to Place on Hold)

Inmate Transferred From:_____ To:_____ Date:_____

Reason for Medical Hold:_____

_____

_____

Health Care Provider's Signature/Stamp:_____ Date:_____

SECTION III (Use this section to Remove from Hold)

| M | S | W | T | WC | Impairment (If applicable) | | | | (Activate in GH08) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | ☐ Yes | P | H | E | S | SINGLE DOSE (SD) |
| | | | | ☐ No | | | | | |

Assignment Restrictions:_____

_____

Check here, if this is a change in grade. ☐

Is this inmate suitable for work release? ☐ YES ☐ NO

Is this inmate permanent party? ☐ YES ☐ NO

Health care provider's signature/stamp:_____ Date:_____

Inmate Name *Owens, Albert*

DC # *193166*      Race/Sex *B M*

Date of Birth _____ ██████

Institution *Desoto C.I.*

Distribution:

White - Health Record

Canary - Maintain in health record while on medical hold; forward to Classification upon medical release

Pink - Classification

706 (Revised 6/14/12)

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

1401-564.024

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Owens | Albert | T. | 193166 | Desoto Annex |
|-------|--------|-----|--------|--------------|
| Last | First | Middle Initial | DC Number | Institution |

---

Part A - Inmate Grievance

Grievance asserting ADA violations : The medical department here at
Desoto Annex is in direct violation of the provisions of the Americans
with Disabilities Act (ADA), because it refuses to modify its policy to
make reasonable accommodations for me to be housed with a person
(inmate) trained to care for someone with epilepsy; after I have provided
T. Bowden's response to grievance log #13-6-31072 and where it is docu-
mented in the data base that I have epilepsy. The medical department is
violation is subjecting me to serious harm and putting my safty at
risk, where I be housed in a two man cell away from staff supervision
with an untrained inmate who would not know how to respond in
the event of an epileptic seizure. It is well documented that I do at
time experience auras, vertigo and uncontrolable violent seizures. That
my memory is impaired due to such and yet the medical department is
still refusing to provide a pass for me to be housed with an impaired
orderly. According to ARNP Blankenship, someone by the name of Ms.
Peterson said that the only way I would receive an orderly was if I
were transferred to an impaired camp and that I did not qualify for the
transfer. Well, under the ADA I do qualify for the modification of the
policy that says I don't qualify for an orderly and/or a transfer that will
permit me to have an orderly for my safty. Epilepsy is a physical disability
under Title II of the ADA. As a physically ~~handicapped~~ disabled person, I am
entitled to an impaired helper, just as a person in a wheelchair; or a
bed, a blind person; etc...etc... as their helper is there to do the things they
can not do. I cannot care for myself while experiencing an epileptic seizure,
therefore I should be assigned an orderly immediately or transferred.

| 1-12-14 | [signature] 193166 |
|---------|---------------------|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**    ☒ 1

\#    Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____    Institutional Mailing Log #: _____    (240) 1/15/14

(Date)    (Received by)

DISTRIBUTION:    INSTITUTION/FACILITY    CENTRAL OFFICE
                 INMATE (2 Copies)        INMATE
                 INMATE'S FILE            INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                          CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

**PART B - RESPONSE**

| OWENS, ALBERT | 193166 | 1401-564-024 | DESOTO ANNEX | F3116L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

IN SPEAKING WITH IMPAIRED INMATE SERVICES; EPILEPSY DOES NOT REQUIRE AN INMATE IMPAIRED ASSISTANT, UNLESS NOTED BY THE DOCTOR.  YOU ARE NOT HOUSED ALONE AND IT IS NOTED YOU HAVE A MEDICAL PASS FOR SPECIAL BED ASSIGNMENT; NO SINGLE CELL.

THEREFORE; YOUR FORMAL GRIEVANCE IS DENIED.

YOU MAY OBTAIN FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT BY OBTAINING FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETING THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND FORWARDING YOUR COMPLAINT TO THE BUREAU OF INMATE GRIEVANCE APPEALS, WITHIN FIFTEEN (15) DAYS FROM DATE OF THIS RESPONSE.

D.G. LAWRENCE                                    1-30-14

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

R. Edwards

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**

FEB 1 1 2014

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Owens | Albert | T. | 193166 | Desoto Annex |
|-------|--------|----|--------|--------------|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance** 14-6-05004

Request for administrative remedy or appeal from denial of grievance log #1401-564-024 base on the following: The response given to my grievance contradicts what was explained to me by ARNP Blankenship. According to Mrs. Blankenship she could not assign an impaired orderly to me, because her boss Mrs. Peterson said I would have to be transferred to an impaired camp and that I did not qualify for the transfer- not the order. Mrs. Blankenship did want to assign an orderly to me and made various notation refering to my epilepsy and the ADA in my medical file. However, due to Mrs. Peterson's interferrence of my medical care Mrs. Blankenship refrained from assigning the orderly. As previously stated in grievance log #1309-401-003 An impaired orderly may prove to be vital to my safty. Just because I'm in a cell with another person does not mean that I am not alone. If the person I'm in the cell with does not know how to respond or refuses to act in the wake of an epileptic seizure, then I would in all reality be alone. Due to the interference of non-medical staff Mrs. Blankenship did not note that I required an impaired orderly, but did note in my medical file that I was protected under the Americans with Disabilities Act (ADA) because of my epilepsy. The ADA requires modification of any policy or procedure that would interfer with me being assigned an order, for me to be accommodated with an order. Thus, the only way to resolve this matter is for me to be re-evaluated by ARNP Blankenship for a determination of whether or not to assign an orderly to me., without the non-medical opinions of Mrs. Peterson or anyone else.

| 2-3-14 | | 193166 |
|--------|--|--------|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # | |

---

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

# ☐ 1

Signature

INSTRUCTIONS G4 A 1401-504-024

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When an inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 2/5/14
(Date)

Institutional Mailing Log #: 02-07

(Received By) KKelly

---

DISTRIBUTION:

| INSTITUTION/FACILITY | CENTRAL OFFICE |
|----------------------|----------------|
| INMATE (2 Copies) | INMATE |
| INMATE'S FILE | INMATE'S FILE - INSTITUTION, FACILITY |
| INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

MAILED/FILED
WITH AGENCY CLERK

2A 2014

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| OWENS, ALBERT | 193166 | 14-6-05004 | DESOTO ANNEX | E3116L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been received, evaluated and referred to the ADA Coordinator, who provided the following information:

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

T. Bowden

_____
SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

3/12/14
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

EXHIBIT

H

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____

103-1606-0023

Institution: Jefferson C.S.

TO:
(Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☑ Other Colonel H. Hamlin

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Owens, Albert | 193166 | H-2105-L | ———— | 5/31/16 |

**REQUEST**                              Check here if this is an informal grievance ☑

On 5/25/16, Sergeant J. Ellis and Officer E. Albert inventoried and stored ~~Albert~~ Owens' personal property according to Captain A. Davis and a DC6-220 form. However, Ellis and Albert did not document all of Owens' property on the DC6-220 form as required by DOC policy, because a thorough review of Owens stored property and the DC6-220 form from 5/25/16 will show that the two do not conclusively match. For example, Owens' law books are not documented, his eye glasses and eyeglass case is not documented, his magazines are not documented, nor is his photo album documented. Thus, Sgt. Ellis and Officer Albert acted contrary to Fla. Admin. Code §33-208.002 (10) and (24), by ~~find~~ failing to ensure that Owens' property was protected. This matter must be investigated to ensure that none of Owens' property is loss.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

Inmate (Signature): _[signature]_                    DC#: 193166

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                              DATE RECEIVED:   JUN 01 2016

RECEIVED
JUN 01 2016
ASSISTANT WARDEN

I have recived and Reviewd your grievance. Sgt. Ellis and Ofc. Albert inventored all over your property that was inside your locker. Your locker was not secured with a lock and when they notice that your property was not pulled from the bedding area from another Shift, they secured it in the Officer station and inventoried it.

| The following pertains to informal grievances only: |
|---|
| Based on the above information, your grievance is _Approved_ . (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C. |

Official (Print Name): A. Davis Capt      Official (Signature): A. Davis Capt      Date: 6/4/16

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ **Third Party Grievance Alleging Sexual Abuse**      1606-103-006

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Owens          Albert      I.          193166          Jefferson C.I.
Last          First      Middle Initial          DC Number          Institution

**Part A – Inmate Grievance**

Grievance raising ADA issue

On 5/25/16, Owens declined a psychological emergency seeking counseling for depression stemming from the dying of his sister. Psychiatric Counselor S. Beckford told Owens that unless he wanted to kill himself or someone else he did not have a psychological emergency, and released him back to security. In disbelief of Beckfords rejection of his psychological emergency, Owens walked back to his dormitory thinking of hurting himself or someone else in order to receive treatment. After sitting on his bunk for a moment, Owens informed the G-Dormitory Officer that he had a psychological emergency. Sgt. Fed and Officer Samuel answered to G-Dormitory. Upon their arrival Sgt. Fed told Officer Samuel to escort Owens to Mental Health but to tell Beckford that Owens was playing cards when they arrived. As instructed, Officer Samuel mislead Beckford to believe that Owens was playing cards when in fact he were having suicidal/homicidal thoughts. Beckford refused to evaluate Owens for a second time averring that nothing was wrong with Owens. Instead of evaluating Owens a second time to ensure that he was not suicidal/homicidal Beckford summoned Captain Akins through Officer Samuel. Upon Captain Akins arrival he and Beckford met privately. Once Captain Akins emerged from Beckfords office Owens was informed that he was being placed in administrative confinement and under investigation and will also be placed on property restriction. The next day, Owens sliced open his left arm and ingested the razor sharp object because he was depressed over his dying sister, who Beckford refused him mental health services and security staff did also through their interference.

Because Beckford is the person who diagnosed Owens with depression, knew he has a history of suicidal thoughts and behavior. She erred by not providing him mental health services on 5/25/16 and, thus, caused him injury the next day. Had Beckford counseled with Owens on 5/25/16 and not listed to Officer Samuel lie, Owens would not have attempted suicide on 5/26/16. Thus, because Beckford failed to comply with DOC's policy she violated Owens rights under the 8th and 14th Amendments and because she was acting as an employee for FDOC and Centurion of Florida both entities violated Owens' rights under Title II of the ADA and the 14th Amendments because Owens had a right to mental health services.

5/31/16                                    193166
DATE                                    SIGNATURE OF GRIEVANT AND D.C. #

JUN 10 2016

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____
                                                                                    Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____    Institutional Mailing Log #: _____
                          (Date)

RECEIVED
JUN 09 2016
ASSISTANT WARDEN

DISTRIBUTION:      INSTITUTION/FACILITY          CENTRAL OFFICE
                   INMATE (2 Copies)              INMATE
                   INMATE'S FILE                  INMATE'S FILE - INSTITUTION/FACILITY
                   INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                                  CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)                         Incorporated by Reference in Rule 33-103.006, F.A.C.

**PART B - RESPONSE**

| OWENS, ALBERT | 193166 | 1606-103-006 | JEFFERSON C.I. | H1109L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance has been received and evaluated. Upon further review into your complaint of ADA violation the following has been determined. The issue of your complaint has been referred to the Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you. As action has been initiated, you may consider your appeal approved from that standpoint. This does not constitute substantiation of your allegations.

Based on the above information your grievance is APPROVED- FOR INVESTIGATION ONLY.

H. HAMLIN, COLONEL                    C. HODGSON, WARDEN

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 6/9/16 DATE |

MAILED
JUN 10 2016
ASSISTANT WARDEN

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden        ☐ Assistant Warden        ☐ Secretary, Florida Department of Corrections

1603-103-007

From or IF Alleging Sexual Abuse, on the behalf of:

Owens                Albert    I              193166              Jefferson C.S.
Last        First    Middle Initial           DC Number           Institution

**Part A – Inmate Grievance**

Grievance raising an ADA claim

Owens is am prisoner with epilepsy, which is a serious and medically disabling condition that causes those who suffer from the condition to suffer from seizures. To help prevent or minimize an epileptic seizure Owens takes the antiepleptica drug Depakote 500 mg twice a day. He is currently under the care of Doctor Varona who provided him with a seizure precaution pass specifically stating "NO CHEMICALS OR TOXIC FUMES". A yellow copy of the pass was provided to security, therefore, on 5/26/16 Captain A.Davis knew of Owens' disability and his disability accommodations (i.e. seizure precaution pass). However, as H-Dormitory security cameras will show Davis and Sgt. Shivers housed Owens in cell #H-1108, which had just been painted and, thus, was filled with TOXIC PAINT FUMES. From approximately 6:00 am until 5:50 p.m. Owens informed Sergeant Wilson, Officer Davis, Officer Jones, Psychiatric counselor Baptise, Major Block that the fumes in the cell were causing him to experience absence seizures. All of the aforementioned parties and others who can be seen on camera ignored Owens' cries. Sgt. K. Wilson can be heard on audio informing Owens that he will not be coming out of the cell. Owens flooded his cell in attempto to force these FDOC employees to remove him from this danger. The only time Owens was quiet was when he would experience an absence seizure. Owens requested various psychological emergencies, which were all denied. After locating a sharp piece of metal in the cell, Owens decided to attempt suicide by slicing open his left arm and ingesting the razor sharp object. Intoxicated by the paint fumes Owens notified medical staff during pill rounds of his self harm and intoxication, which is documented in his medical file. Based on the above state, Owens was denied access to the prison's programs, services or activities contrary to the ADA because his accommodations were ignored by FDOC employees.

5/31/16                                                    193166
DATE                                              SIGNATURE OF GRIEVANT AND D.C. #

JUN 10 2016

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  ____  #  ____  Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.( Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____     Institutional Mailing Log #: _____
                              (Date)

RECEIVED
JUN 01 2016
(Received By)
ASSISTANT WAR

DISTRIBUTION:        INSTITUTION/FACILITY              CENTRAL OFFICE
                     INMATE (2 Copies)                 INMATE
                     INMATE'S FILE                     INMATE'S FILE - INSTITUTION /FACILITY
                     INSTITUTIONAL GRIEVANCE FILE      CENTRAL OFFICE INMATE FILE
                                                       CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)           Incorporated by Reference in Rule 33-103.006, F.A.C.

**PART B - RESPONSE**

| OWENS, ALBERT | 193166 | 1606-103-007 | JEFFERSON C.I. | H1109L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance has been received and evaluated. Upon further review into your complaint of ADA violation the following has been determined. The issue of your complaint has been referred to the Office of the Inspector General for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you. As action has been initiated, you may consider your appeal approved from that standpoint. This does not constitute substantiation of your allegations.

Based on the above information your grievance is APPROVED- FOR INVESTIGATION ONLY.

H. HAMLIN, COLONEL                                        C. HODGSON, WARDEN

SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

DATE

JUN 10 2016

EXHIBIT

I

# GENERAL AFFIDAVIT

STATE OF FLORIDA
COUNTY OF <u>JEFFERSON</u>

I, <u>Antonio Golden</u>, DO HEREBY SWEAR THAT THE FOLLOWING STATEMENT IS TRUE AND CORRECT AND MADE OF MY OWN FREE WILL, FROM MY OWN PERSONAL KNOWLEDGE.:

ON May 13TH 2016, I WAS put in cell H1-109U with OWENS. He is always depressed and talking about his dying kid Sister. Confinement Staff, Nurses, everybody Just ignores his psychological emergencies at times nurses dont bring his medication and he'll write a grievance. Confinement staff wont give him Ibuprofen, and I dont know why. They will give it to me, though. Sgt. T. Butler and Sgt K. Wilson dont seem to like owens I know he would Kill himself if I were not in this cell. and mental health has not been to See him Since I been in this cell. man, owens is stressing real bad, always staring at the walls in a daze.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING AFFIDAVIT AND THE FACTS STATED IN IT ARE TRUE AND CORRECT IN ACCORDANCE WITH TITLE 28 U.S.C.§1746.
     Executed in Monticello, Florida on this 18th day of June 2016.
     181 <u>Antonio Golden</u> #R12345
        Antonio Golden #R12345

**Albert Owens, DC# 193166**
**Jefferson Correctional Institution**
**1050 Big Joe Road**
**Monticello, FL 32344**

UNITED.
NORTHERN
OFFIC
111 North,
TAllAhAs

PROVIDED TO
JEFFERSON CI

JUN 2 7 2016

FOR MAILING
RECEIVED BY

LEGAL MAIL

TATES DISTRICT COURT

DISTRICT OF FLORISDA

OF THE CLERK

dams Street, Suite #322

e, Florida 32301-7730

