IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALBERT T OWENS, JR.

    Plaintiff,
v.                                       CASE NO. 4:16-cv-399-RH-GRJ

JULIE JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), a motion for leave to proceed as a pauper (ECF No. 3), and a motion for preliminary injunction (ECF No. 4). At the time the Complaint was filed, Plaintiff was confined at Jefferson Correctional Institution. ECF No. 1. One month later, Plaintiff was transferred to Franklin CI, where he is presently confined. ECF No. 8.

The Complaint stems from the conditions of Plaintiff's confinement at Jefferson CI. Plaintiff names 32 defendants, almost all of whom are individual officers or medical staff at Jefferson CI. Plaintiff also names the DOC and the Secretary of the DOC, as well as the prison medical provider, Centurion of Florida LLC. Plaintiff contends that his constitutional rights

were violated on several occasions from April 7, 2006, through May 26, 2016.  Plaintiff alleges that Jefferson CI officers have retaliated against him for requesting mental health care, and prison medical staff have denied him adequate mental health treatment.  On April 7, officers stored Plaintiff's medication improperly.  Plaintiff initiated a grievance that was approved.  On April 24, Plaintiff declared a psychological emergency and was told to present for call out.  Plaintiff initiated a grievance, which was denied on May 5.  On May 6, Plaintiff filed another inmate request seeking mental health treatment.  On May 11, Plaintiff filed a formal grievance.  On May 13, Plaintiff was denied Ibuprofen that previously had been ordered for migraine headaches.  Plaintiff initiated a grievance that was approved.

On May 25, Plaintiff became depressed after learning that his sister was terminally ill.  Plaintiff declared a psychological emergency and met with mental health provider Beckford.  Beckford's response was "apathetic" and she indicated there was nothing she could do for Plaintiff.  Plaintiff declared another psychological emergency, and an officer instructed a second officer to escort Plaintiff to mental health services, but to inform Beckford that Plaintiff was playing cards when the officers arrived at his dorm.  Plaintiff contends that he told the officers he was suicidal.

Subsequently, Plaintiff was placed in confinement under investigative status.  Plaintiff declared a third psychological emergency and was moved into a cell with worse conditions, exposing Plaintiff to MRSA and toxic paint fumes, which officers knew could trigger Plaintiff's epilepsy.  Plaintiff also discovered a "sharp piece of metal" in the cell, which he contends the officers planted because they knew of his history of suicidal behavior.  Plaintiff became intoxicated with the paint fumes and had trouble breathing.  Plaintiff asked to be removed from the "toxic cell" but officers refused.  Due to the stress of the situation, the fumes, lack of sleep, and anxiety, Plaintiff attempted suicide by "ingesting the sharp piece of metal (i.e. razor blade) that he used to slice open his left arm."  Plaintiff alleges that he was denied medical attention, so he flooded his cell with water from the toilet.  Instead of affording Plaintiff mental health care, he was charged with disorderly conduct.  Plaintiff later was examined by medical staff, placed under suicide watch, and x-rays of his stomach were taken.

On May 31, Plaintiff again was denied the mental health treatment he requested.  Plaintiff alleges that he was discharged from suicide watch with no treatment plan.  Plaintiff alleges that he initiated further grievances, which were either approved or approved for investigation.  At the time the

complaint was signed, on June 29, Plaintiff alleges that he was being held in confinement with no mental health treatment. Plaintiff alleges that he was and is in imminent danger of serious physical injury because he is not receiving treatment. Plaintiff seeks monetary damages and other relief. ECF No. 1.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915 (the *in forma pauperis* statute):

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases or appeals which were dismissed as frivolous, malicious, or for failure to state a claim upon which

relief may be granted.  See *Owens v. Sec'y, Fla. Dept. of Corr.*, Case No. 3:15-cv-272-MCR-EMT ECF No. 9 (R&R recounting Plaintiff's previous cases that qualify as strikes); ECF No. 13 (N.D. Fla. 8/21/15) (adopting R&R and dismissing case pursuant to three-strikes bar).

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient.  *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not

triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff's allegations in the instant Complaint do not suggest that he can satisfy the "imminent danger" exception to the three-strikes bar. First, many of Plaintiff's claims against Jefferson CI pertain to harms that were past harms at the time he filed the complaint, such as the denial of Ibuprofen and the improper storage of his medication. Further, although Plaintiff alleged at the time the complaint was filed that he was still not receiving mental health care at Jefferson CI, he was shortly thereafter transferred to Franklin CI. None of the named individual Defendants work at Franklin CI, and therefore Defendants pose no risk of imminent physical injury to Plaintiff. Plaintiff's claim that he was being denied mental health treatment at Jefferson CI would, if successful, be redressed by injunctive relief, and his transfer from the institution where the named Defendants are employed would moot any claims for injunctive relief against these Defendants. *Smith v. Allen,* 502 F.3d 1255, 1267 (11th Cir.2007)

(generally, transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief; prisoner's release and return to prison meant claim was not moot); *Zatler v.Wainwright,* 802 F.2d 397, 399 (11th Cir.1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer,* 819 F.2d 1030, 1035 (11th Cir.1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985) (per curiam) (a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief").

After his transfer, Plaintiff filed a "motion for consideration" in which he conclusionally alleges that he remains in imminent danger "for reasons set forth in the complaint." ECF No. 6. Plaintiff included a "general affidavit" stating that he is not receiving the mental health treatment he needs at Franklin CI, and that he has presented his concerns to the mental health staff there. *Id*. at 4. To the extent that Plaintiff can assert claims stemming from his conditions of confinement at Franklin CI that satisfy the "imminent danger" exception to the three-strikes bar, he can initiate a new civil rights case that names the appropriate Defendants at that institution.

Plaintiff should be cautioned that a new complaint should not be in the nature of a "shotgun" pleading asserting unrelated claims against numerous individuals, or claims that pertain only to alleged past harms.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

It is therefore respectfully **RECOMMENDED** that leave to proceed as a pauper should be denied, that this case should be dismissed without prejudice pursuant to the 28 U.S.C. § 1915(g) three-strikes bar, and that all pending motions should be terminated.

**IN CHAMBERS**, at Gainesville, Florida, this 4th day of October 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**