IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALBERT T. OWENS, JR.,

    Plaintiff,

v.                                       CASE NO. 4:16cv399-RH/GRJ

JULIE JONES et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This prisoner civil-rights case is before the court on the magistrate judge's report and recommendation, ECF No. 9, the plaintiff Albert T. Owens, Jr.'s objections, ECF No. 10, and his supplemental objections, ECF Nos. 11 and 12. I have reviewed de novo the issues raised by the objections.

As noted in the report and recommendation, Mr. Owens has at least three "strikes" under 28 U.S.C. § 1915(g) and thus can proceed *in forma pauperis* only if he is in imminent danger of serious physical injury. In the complaint, Mr. Owens alleges imminent danger from officials at Jefferson Correctional Institution. But before the motion for leave to proceed *in forma pauperis* could be considered, Mr. Owens was transferred to Franklin Correctional Institution. ECF No.8. And now

Mr. Owens has been transferred again, to Wakulla Correctional Institution. ECF No. 13.

Past danger is not enough to allow a three-strikes prisoner to proceed *in forma pauperis*. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."); *Owens v. Schwartz*, 519 Fed. App'x 992, 993 (11th Cir. 2013) (holding that a prisoner who was in imminent danger when he filed the complaint could not proceed *in forma pauperis* because he had been transferred to a different facility and was no longer in imminent danger).

Mr. Owens asserts the imminent-danger exception applies if a prisoner is in imminent danger when the complaint is filed, even if the imminent danger has passed before leave to proceed *in forma pauperis* is granted. But *Owens* is to the contrary. *Owens* is unpublished and thus not binding, but the result makes sense. The point of the statute is to allow a prisoner to seek protection from imminent danger—not to provide a prisoner a means of evading the three-strikes bar.

Mr. Owens also says he was in imminent danger even after the transfer to Franklin because he was not receiving adequate mental-health services and was at risk of harming himself. But he did not allege *facts* showing that he was in imminent danger at Franklin or that officials there would not fully address his

medical needs. Conclusory allegations are not enough. Moreover, Mr. Owens has now been transferred to Wakulla. The record provides no reason to believe that Wakulla officials will not fully respond to requests for treatment.

If, after exhausting administrative remedies for any claim of mistreatment at Wakulla, Mr. Owens faces imminent danger, he may file a new lawsuit directed to that mistreatment. Meanwhile, in *this* case—in which Mr. Owens challenges his treatment at Jefferson—he may not proceed *in forma pauperis*. This is precisely the kind of claim the three-strikes provision was intended to address.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's opinion. The clerk must enter judgment stating, "The complaint is dismissed without prejudice." The clerk must close the file.

SO ORDERED on January 20, 2017.

         s/Robert L. Hinkle
         United States District Judge

Case No.   4:16cv399-RH/GRJ